UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACIE BROWN-MINGO, ) | 1:08-CV-01700 AWI GSA HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION FOR |
| ) | FAILURE TO FOLLOW A COURT ORDER |
| v. ) | [Doc. #4] |
| ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| FRESNO COUNTY JAIL, ) | TO TERMINATE CASE |
| ) | |
| Respondent. ) | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 6, 2008, Petitioner filed a petition for writ of habeas corpus. Petitioner was instructed to file a consent/decline form within thirty days. She failed to do so. Accordingly, on January 23, 2009, the Magistrate Judge issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to comply with a court order. Petitioner was granted fifteen days to file a reply. Over fifteen days have passed, and Petitioner has not complied with the court order or responded in any manner.

**DISCUSSION**

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local

Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since November 6, 2008. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The

Court's order to show cause was clear that dismissal would result from non-compliance with the Court's order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition is DISMISSED for Petitioner's failure to comply with a court order; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case.

IT IS SO ORDERED.

**Dated:   March 17, 2009**               /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE